UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JACOB SANDFORD,

                      Plaintiff,

        - against -

THE CITY OF NEW YORK, TARIK CLYBURN
and "JOHN DOE", Individually and in Their
Official Capacities,

                      Defendants
------------------------------------------------------------------x

13CV6878

COMPLAINT AND
DEMAND FOR JURY TRIAL

ECF CASE

Plaintiff, by his attorney, Eugene M. Bellin, complaining of the defendants, alleges:

**NATURE OF THE ACTION**

1. This is a civil rights action to redress the defendants' violation of the rights accorded to plaintiff Jacob Sandford by the Civil Rights Act of 1871, 42 U.S.C. §1983 and by the Constitution of the United States, including the Fourth, Fifth and Fourteenth Amendments.

2. Plaintiff Jacob Sandford is a citizen of the United States who was lawfully present near the corner of E. 173rd Street and Clay Avenue, Bronx, New York on October 14, 2010, when he was stopped, searched, and arrested by defendants Tarik Clyburn and "John Doe" on false charges of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree, transported first to the 44th Precinct and then to Bronx Central Booking, where he was imprisoned until his arraignment, and then transported to the Vernon C. Baine Correctional Center, where he was imprisoned until October 19, 2010. The false charges against plaintiff Jacob Sandford

were dismissed on October 19, 2010, on motion of the District Attorney. The defendants' actions were unlawful, and the plaintiff brings this action seeking compensatory and punitive damages.

## JURISDICTION AND VENUE

3. Jurisdiction of this Court is invoked pursuant to the Constitution of the United States, 28 U.S.C. §§1331, 1343(3) and (4), 42 U.S.C. §§1983 and 1988, in that this is an action seeking to redress the violation of the plaintiff's constitutional and civil rights.

4. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and (c) in that the all of the events which give rise to the claim occurred within the jurisdiction of the United States District Court for the Southern District of New York, defendant Tarik Clyburn can be located in the Southern District of New York, and defendant The City of New York is a municipal corporation located in the Southern District of New York which is subject to personal jurisdiction in the Southern District of New York.

## PARTIES

5. Plaintiff Jacob Sandford is a citizen of the United States who resides in the County of Westchester, State of New York.

6. Defendant The City of New York is, and at all times relevant herein was, a municipal corporation created under the laws of the State of New York.

7. At all times relevant herein, defendant The City of New York maintained a police department.

8. Defendant Tarik Clyburn is a natural person who, at all times relevant to this action, was employed by defendant The City of New York as a police officer.

9. At all times relevant herein, defendant Tarik Clyburn was acting within the scope of his employment by defendant The City of New York.

10. Defendant "John Doe" is a natural person who, at all times relevant herein, was employed by defendant The City of New York as a police officer.

11. At all times relevant herein defendant "John Doe" was acting within the scope of his employment by defendant The City of New York.

## STATEMENT OF CLAIMS

12. Plaintiff incorporates by reference paragraphs 1 through 11 of this complaint as though the same were set forth fully herein.

13. On October 14, 2010, plaintiff Jacob Sandford was lawfully present near the corner of E. 173rd Street and Clay Avenue, in the County of Bronx, City and State of New York.

14. At the above time and place. defendants Tarik Clyburn and "John Doe" arrested plaintiff Jacob Sandford and charged him with the crime of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree.

15. Plaintiff Jacob Sandford had not sold any controlled substance.

16. Plaintiff Jacob Sandford was not and had not been in possession of any controlled substance.

17. Defendants Tarik Clyburn and "John Doe" placed plaintiff Jacob Sandford in a police vehicle and transported the plaintiff to the 44th Precinct.

18. Plaintiff Jacob Sandford was subsequently transported to Bronx Central Booking, where he continued to be imprisoned until his arraignment.

19. On information and belief, on October 14, 2010, defendant Tarik Clyburn falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Jacob Sandford had handed a zip lock bag containing cocaine to another individual.

20. The purpose of the statement made by defendant Tarik Clyburn to an Assistant District Attorney was to secure the institution of a criminal proceeding against plaintiff Jacob Sandford and to extend the period of his imprisonment.

21. On October 14, 2010, defendant Tarik Clyburn instituted a criminal proceeding against plaintiff Jacob Sandford, under the name Jacob Sanford, in Bronx Supreme Court, Criminal Division, under Docket No. 2010BX064957, accusing the plaintiff of the crimes of Criminal Sale of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Third Degree, and Criminal Possession of a Controlled Substance in the Seventh Degree.

22. The charges brought by defendant Tarik Clyburn against plaintiff Jacob Sandford were false.

23. Plaintiff Jacob Sandford was subsequently arraigned before a judge of the Bronx Supreme Court, Criminal Division, and was imprisoned in lieu of bail.

24. The imprisonment of plaintiff Jacob Sandford continued as a result of the false statement made by defendant Tarik Clyburn to an Assistant District Attorney in the office of the Bronx County District Attorney and the institution of the criminal proceeding by defendant Tarik Clyburn.

25. On October 19, 2013, the criminal charges against plaintiff Jacob Sandford were dismissed on motion of the District Attorney and the plaintiff was released from custody.

## COUNT ONE
## FALSE IMPRISONMENT UNDER 42 U.S.C. §1983

26. Plaintiff incorporates by reference paragraphs 1 through 25 of this Complaint as though the same were set forth fully herein.

27. The seizure, arrest, detention and imprisonment of plaintiff Jacob Sandford by defendants Tarik Clyburn and "John Doe" were made without any warrant or other legal process directing or authorizing his seizure, arrest, detention or imprisonment.

28. The seizure, arrest, detention and imprisonment of plaintiff Jacob Sandford were made without probable cause to believe that the plaintiff had committed a crime.

29. The charges upon which defendants Tarik Clyburn and "John Doe" arrested plaintiff Jacob Sandford were false.

30. The charges were made by defendants Tarik Clyburn and "John Doe" against plaintiff Jacob Sandford with knowledge that they were false.

31. Plaintiff Jacob Sandford was aware of his seizure, arrest, detention and imprisonment by defendants Tarik Clyburn and "John Doe".

32. Plaintiff Jacob Sandford did not consent to his seizure, arrest, detention or imprisonment.

33. As a result of the foregoing, plaintiff Jacob Sandford was deprived of his liberty, was imprisoned, was greatly humiliated, was subjected to mental and physical distress, and was subjected to embarrassment and humiliation.

34. The seizure, arrest, detention and imprisonment of plaintiff Jacob Sandford deprived him of his right to be free of unreasonable searches and seizures guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States.

35. Defendants Tarik Clyburn and "John Doe" were acting under color of state law when they seized, arrested and imprisoned plaintiff Jacob Sandford.

36. Defendants Tarik Clyburn and "John Doe" deprived plaintiff Jacob Sandford of his rights to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by seizing, detaining, arresting and imprisoning plaintiff Jacob Sandford on false criminal charges.

## COUNT TWO
## MALICIOUS PROSECUTION UNDER 42 U.S.C. §1983

37. Plaintiff incorporates by reference paragraphs 1 through 36 of this Complaint as though the same were set forth fully herein.

38. The charges brought by defendant Tarik Clyburn against plaintiff Jacob Sandford in Bronx Supreme Court, Criminal Division, were false.

39. Defendant Tarik Clyburn instituted the criminal proceeding against plaintiff Jacob Sandford without probable cause to believe that the plaintiff committed the offenses charged.

40. Defendant Tarik Clyburn instituted the criminal proceeding against plaintiff Jacob Sandford with knowledge that the charges were false.

41. Defendant Tarik Clyburn was acting with malice when he commenced the criminal proceeding against plaintiff Jacob Sandford.

42. The criminal proceeding instituted by defendant Tarik Clyburn against plaintiff Jacob Sandford was terminated in plaintiff Jacob Sandford's favor.

43. Defendant Tarik Clyburn was acting under color of state law when he falsely informed an Assistant District Attorney in the office of the Bronx County District Attorney that plaintiff Jacob Sandford had handed a zip lock bag containing cocaine to another individual.

44. Defendant Tarik Clyburn was acting under color of state law when he commenced a criminal proceeding against plaintiff Jacob Sandford in Bronx Supreme Court, Criminal Division.

45. Defendant Tarik Clyburn deprived plaintiff Jacob Sandford of his rights to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth Amendment of the Constitution of the United States and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by commencing a criminal proceeding against plaintiff Jacob Sandford on false criminal charges.

## COUNT THREE
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

46. Plaintiff incorporates by reference paragraphs 1 through 45 of this Complaint as though the same were set forth fully herein.

47. The acts complained of were carried out by defendants Tarik Clyburn and "John Doe" in their capacities as police officers and employees of defendant The City of New York, with all the actual and/or apparent authority attendant thereto.

48. The acts complained of were carried out by defendants Tarik Clyburn and "John Doe" in their capacities as police officers pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

49. Defendant The City of New York implemented, enforced, encouraged and sanctioned a policy, practice and/or custom of arresting persons on insufficient evidence in violation of the Fourth and the Equal Protection Clause of the Fourteenth Amendment of the Constitution of the United States.

50. The aforesaid customs, policies, usages, practices, procedures, and rules of defendant The City of New York include, but are not limited to, the following:

(a) Defendant The City of New York failed properly to train police officers in the standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth Amendment of the Constitution of the United States;

(b) Defendant The City of New York failed properly to train police officers in the circumstances under which probable cause exists for the warrantless arrest of an individual;

(c) Defendant The City of New York failed properly to supervise police officers during the performance of their duties, and more particularly during warrantless arrests for possession of controlled substances and for resisting arrest;

(d) Defendant The City of New York failed properly to monitor arrests made by its police officers to determine if its police officers were following proper standards for probable cause for the warrantless seizure and arrest of individuals consistent with the requirements of the Fourth and Fourteenth Amendments of the Constitution of the United States;

(e) Defendant The City of New York failed to discipline police officers for making warrantless arrests where probable cause for an arrest did not exist.

51. The failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

52. The arrest, malicious prosecution and imprisonment of plaintiff Jacob Sandford on false criminal charges resulted from the failure of defendant The City of New York properly to train, supervise, monitor and discipline its police officers in the standards of probable cause and the requirements for warrantless arrests.

53. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice for police officers to make warrantless

arrests without probable cause.

54. Defendant The City of New York deprived plaintiff Jacob Sandford of his rights to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth Amendment and his right not to be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing properly to train its police officers in the standards of probable cause for warrantless arrests.

55. The aforesaid conduct of defendant The City of New York violated plaintiff Jacob Sandford's rights under 42 U.S.C. §1983 and the Fourth, Fifth and Fourteenth Amendments of the Constitution of the United States.

## COUNT FOUR
## MUNICIPAL LIABILITY UNDER 42 U.S.C. §1983

56. Plaintiff incorporates by reference paragraphs 1 through 55 of this Complaint as though the same were set forth fully herein.

57. Upon information and belief, at all times relevant herein, defendant The City of New York was aware from Notices of Claim, lawsuits, claims filed with the New York City Police Department and the Civilian Complaint Review Board, and from the New York City Police Department's own observations, that defendants Tarik Clyburn and "John Doe" are unfit, ill tempered police officers who have the propensity to commit the acts alleged herein.

58. Upon information and belief, defendant The City of New York failed adequately to investigate prior complaints against these officers.

59. Upon information and belief, defendant The City of New York failed to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of

Constitutional rights.

60. The failure of defendant The City of New York properly to take remedial action to train, retrain, supervise, monitor and discipline police officers for violations of Constitutional rights constituted deliberate indifference to the rights of persons with whom its police officers come into contact.

61. Defendant The City of New York knew, or should have known, that as a direct result of this policy, practice and/or custom, the Constitutional rights of plaintiff Jacob Sandford would be violated.

62. Defendant The City of New York implemented, enforced, encouraged, sanctioned and failed to rectify such policy, practice and/or custom with deliberate indifference to and disregard for the civil rights of individuals, and more particularly, the civil rights of plaintiff Jacob Sandford.

63. Defendant The City of New York was acting under color of state law when it formulated and implemented a policy, custom or practice of failing adequately to investigate complaints against police officers for violating civil rights and to take appropriate remedial action.

64. Defendant The City of New York deprived plaintiff Jacob Sandford of his rights to be free of unreasonable searches and seizures and to be secure in his person guaranteed by the Fourth Amendment and his right not bo be deprived of his liberty without due process of law guaranteed by the Fifth and Fourteenth Amendments of the Constitution of the United States under color of state law, in violation of 42 U.S.C. §1983, by adopting and enforcing a policy, practice or custom of failing adequately to investigate complaints against police officers and to take appropriate remedial action to prevent further violations of the civil rights of members of the public.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court grant the following relief:

A. Award the plaintiff compensatory damages to be determined by the jury at the time of trial;

B. Award the plaintiff punitive damages to be determined by the jury at the time of trial;

C. Award the plaintiff reasonable attorney's fees and costs, including the fees and costs of experts, incurred in prosecuting this action; and

D. Grant such further relief as the Court deems necessary and proper.

## JURY TRIAL DEMANDED

The plaintiff requests a jury trial on all questions of fact raised by his Complaint.

Dated: New York, New York
September 27, 2013

*Eugene M. Bellin*
Eugene M. Bellin (EB-0722)
Attorney for Plaintiff
233 Broadway - Suite 2201
New York, New York 10279
(212) 267-9100